The last case before the court is Large Audience Display System v. Tennman Productions, LLC, case number 1C2266 on appeal from the Central District of California. I represent the appellant Large Audience Display System in this matter that is before the court for the second time now following the remand to the Central District of California. Judge Rial, the district judge there, continues to abuse his discretion in this matter by not paying heed to the court's guidance in its prior opinion, in particular with respect to the exceptionality and the attorney's view of the word that has been entered. As this court will recall, it advised the district court that if it's going to make a finding of exceptionality, it had to determine if the circumstances upon which it relied actually existed. And two, if they exist, are they justified by the record? So is your argument primarily that the case is an exceptional or that even if exceptional, that the fees awarded were too high? It's both, Your Honor. The case is not exceptional, and even if it were, the fees bear no relation to the alleged misconduct. Okay, so clearly in the first case, the court felt that his reliance on there having been a corporation formed for purposes of establishing venue, it didn't make sense since plaintiffs located is irrelevant to establishing venue in the first instance. But we did say that it might be relevant to a question of a motion to transfer. So the court goes back and says, okay, then I think that it's exceptional because they formed this to try to prevent transfer. Why doesn't that address what we told them to do? Well, Your Honor, in the first order, what the district judge said is that the corporate formation was with respect to jurisdiction. And you said that's irrelevant, and then you said that correctly that the location can play a part with respect to transfer for convenience. And so what the district judge did is just simply make the assumption, okay, it was located here and we opposed the motion to transfer venue, therefore it's exceptional, therefore there are fees. What the district judge did not do is actually assess what's involved with respect to the transfer for convenience. As this court is aware, there are a number of different factors involved in location of witnesses, of documents, the court's familiarity, all of these sorts of things. The district judge did not analyze that, did not assess any of that. As the court may recall, the case was filed in the Eastern District of Texas originally, and approximately three or four months after filing, they filed the motion, after we filed, Appalese filed the motion to transfer based on convenience. The Eastern District of Texas weighed all those factors and determined that four of them weighed in favor of transfer, one was inapplicable, and the other four were neutral. What the Eastern District did not do, however, was issue any sanctions or say, this case never should have been filed here or this is frivolous or baseless or anything like that. That totally escaped the Central District of California's purview. All it did was say, the motion to transfer was filed, we opposed it, and that cost time and money to the Appalese. Did you oppose the motion to transfer on any basis other than the fact that you had a corporation in the state of Texas? Your Honor, that was certainly one of the aspects of it. What were the other aspects that you asserted, other than to challenge the other side's factors? Right, right. Certainly that was the largest part of the connection there. The largest part or the only part? It was the largest part. What were the small parts? All right. We sought to amend the complaint to bring in additional defendants who were associated with Texas. They weren't in the Eastern District, but there were some defendants who were located within Texas. We sought leave to amend that. Well, that doesn't seem particularly relevant to whether it was proper in the Eastern District. Right. It's a connection. It's not the most tangible connection, granted. The question, though, is did the district court examine this, and did it examine all of the factors, and did it make any findings as to whether there was anything unreasonable? One particular issue, I know the court— Are you just complaining that he didn't give you a good enough reason? Because, you know, I think he didn't do the best job of explaining why he was reinstituting fees after remand and after us instructing him to do certain things. But I also have a pretty good sense that if we send this back again, you're going to get the same result. I'm fearful of that also, Your Honor, quite frankly. I think second time is enough, and I think there's enough on the record before you to make that decision without having to do so. If the motion to transfer were, let's say, the Eastern District decided, okay, all of these factors— I mean, look, if we read his opinion, it's saying— you're not saying he doesn't have the right to assess whether filing there and opposing the motion to transfer created to an exceptional circumstance, are you? That's a very interesting point, Your Honor, because this court in its highmark decision from 2012— Well, I don't want to talk about that point. I assume he does. And so he can look at it and say, you're filing there based purely on incorporation, where you didn't even have people to show up to an office, was a means to file in the Eastern District to transfer, oppose a venue change, and that was frivolous. If he said all of that and explained all of that, why isn't that good enough? Well, first of all, the reason why I mentioned the highmark decision is I'm not sure that he does have the ability to do that because this court said in highmark that when a tribunal decides to sanction conduct, it should be with respect to the sanctionable actions that occurred before it. Well, here, that was in front of the Eastern District. Yeah, but the case is now before it, and the entirety of the case is now before it. That's correct. You don't have to bifurcate attorney fees proceedings between different tribunals. It's the one that ultimately reaches the conclusion. I can't imagine that that's what we meant in highmark. I wouldn't be so presumptuous as to— Yeah, we were talking about conduct outside of the litigation rather than conduct that affected the litigation. Well, in highmark, actually, the case was transferred from Pennsylvania to the Northern District of Texas, and supposedly there were some misrepresentations made with respect to the transfer motion in the context of that, and that was used as a basis for the exceptionality finding, and that's why this court said that if anyone was to sanction that, it really should be the tribunal before whom the sanctionable conduct occurred. So I think that's relevant here. I think you can assume that Judge Hughes's position is the correct one and perhaps move on. All right. I'll be happy to move on, Your Honor. Putting aside the venue motion because the district judge in California never assessed anything, never gave any basis, never examined what the Eastern District said, his bases for exceptionality are basically the same as what they were before. He just clarified his language somewhat in order to make it appear that he was complying with this court's guidance when, in fact, he was not. District courts do that all the time. I'm sorry, Your Honor. That makes it harder for you. It's also clear with respect to the attorney's fees issue. I'm sorry. I didn't mean attorney's fees. What I meant is the— The amount of the fees. Not only the amount of the fees but the reliance on the email that was sent by opposing counsel to our co-counsel, Michael Burke. The district judge said that the misconduct occurred from the beginning until the motion for fees. Well, the email that was at issue here was used after that fact. So they filed a motion for fees saying we're entitled to $750,000 worth of fees. But the reliance on that email occurred after that fact. So not one penny of the fees that they're asking the court for my client to pay was incurred with respect to that email. So that seems to be somewhat of a red herring with respect to— But didn't we say the first time around, and maybe it was wrong, but didn't we say the first time around that that could be a factor that the court could consider? Yes, absolutely. And under the totality of circumstances, which is a pretty broad net, there are a lot of things that can be considered. But consideration means something more than just merely rubber stamping the prior opinion. There is, again, there's no analysis, there is no indication of how does that impact the fees that they've already presented to the court. In other words, if they say $750,000 was incurred as a result of this— Well, it may not impact the fees, but it certainly tends to show that the case was exceptional. Your Honor, I disagree with that for the reason that if the district judge— Doesn't it demonstrate a pattern of misconduct throughout the litigation? Your Honor— Misconduct in opposing the venue transfer. To me— Very weak arguments on claim construction and misconduct in disclosing attorney-client privilege material. Your Honor, that's correct. Those are the three bases of the district court opinion. From the time the case was filed until the re-exam decision came down was about five years. In fact, it's almost exactly five years. And so— I mean, it sounds an awful lot to me like you're saying that email shouldn't be considered at all, which we've already said it can be. Your Honor, I think it can be considered as part of the totality of circumstance. But this court inviting the district judge to review those circumstances, weigh the evidence, determine was that proper and so forth, is a different matter entirely. Well, it sounds, again, to me like very quibbling with how he wrote the opinion, not the reasoning. I certainly don't mean to convey that opinion. Can you just turn to the amount—  You're getting closer, Roboto. I'm troubled by the number of hours here. Did you preserve an objection to the number of hours, or are you just arguing that it should have been apportioned more closely to the misconduct? Your Honor, it's difficult to say, yes, we do object to the number of hours. But do we have a specific number? No, I can't say. It didn't seem like you made that argument, though. Your argument seems based upon this is excessive in relation to the misconduct. That's certainly true, Your Honor. But don't the district courts have a large degree of discretion there, and if they determine that the misconduct was sufficiently pervasive, they can just award all the fees? I don't know that they can award all the fees. There's not a requirement to apportion precisely. Well, certainly this court has said that the amount has to bear some relation with respect to the alleged misconduct. And on the other hand, it's also true that— And if the district court finds that the misconduct was pervasive and throughout, then it's within its discretion to award all the fees. I think that's a possibility, if that, in fact, is a proper finding. Do you know how many hours, actually, this number represents? I don't remember the exact number. It was several thousand, 2,000, 3,000 something. I don't remember the exact number. Why didn't you object to that? I mean, how many hours does it take to get it transferred, get it stayed, and then— And do nothing. Yeah, I mean, that seems excessive, but you didn't object to that. Well, I believe we objected to the excessive nature of it, but you're right. But not on that theory. You didn't quibble with the excessive hours. You quibbled with that it wasn't proportionate to the misconduct. Well, also the fact that a lot of these attorneys' invoices are redacted, so it's hard for us to say what exactly is included within that. If you have 1.8 hours, but everything is blacked out— Well, it's their burden to show, though. You could have at least pointed out objections to it. You could have said this seems excessive for the amount of legal work done here. Yes, Your Honor. And, again, I believe that we have, but we have not done it to that level of specificity with respect to the number of hours. That is correct. Okay. We'll save the last couple minutes for rebuttal. Thank you, Your Honor. May it please the Court, my name is Andrew Langsum. I'm counsel for the Abelli— You know, I have to tell you, one of the most exceptional things about this case was that red brief. I mean, I've never seen so many adjectives in a brief, ever. I mean, it's not the norm in terms of how people practice law before this Court. This is not all about, you know, puffery. I understand, Your Honor. I apologize for that. Let me go to the point that was made at the end first about how many hours were spent. I don't have the number, but if you divide $750,000 by an approximate average rate of $700 or $600 or $500 per hour, it sounds like you're in the range of about 1,200 hours of work. In that range, 1,000 to 1,500 hours. Which sure sounds like an even—still, even if it's not 1,000, a couple thousand, it sounds like an awful lot. I was involved, Your Honor, in I think 67% of the work over seven years. Then why did you need six other partners to participate? The Court looked at those numbers. My work plus another young partner's work and another young partner's. This was never overstaffed. We did a motion— Actually, the Court pared down our request. By not very much. By not very much. Motion to transfer. Vigorously opposed. I respectfully request, look at the record, how many volumes, including a serve reply and a motion for serve reply. A re-exam with each filing. We're not allowed to look at what occurred in the re-exam. I think that was pretty clear in the prior opinion, that what occurred before the PTO, that's up to the PTO to decide what happens in the re-exam. You spent a lot of time in your brief talking about what they should or shouldn't have done during the re-exam process, but that doesn't have anything to do with the exceptionality of this case. I understand. I'm only addressing Judge Hughes's point about how many hours. If you look at the record in the re-exam— I'm confused. Right, but we can't give you hours for the re-exam. Yeah, I mean, how come you get attorney fees for work done before the PTO? Because the judge, in this case, did not merely say the venue was initially defective, but rather he said at each stage of the litigation— He can base his exceptionality on certain things, but he can't award fees for an entirely different proceeding. Interesting point, not raised by— Well, I know. But we said that in the first opinion. Much of the fees, I know, relate to the re-exam. Well, that's what seems very problematic about this, because what was actually done in the Eastern District of Texas and in California seems incredibly minimal. Relative to the re-exam— There's no legal authority to award fees for time spent in the re-exam. Your Honor may be exactly correct, but in this case, the claim constructions that were set forth in the re-exam were facially unreasonable. You know, even if everything you say about the re-exam is 100% true, the court had no authority to award you fees for what occurred in the re-exam. Just can't. Are you sure the fees included the re-exam? Yes, ma'am. I mean, that seems the only logical explanation for why it's $1,200. The re-exam— Sure, the re-exam took a long time. Huge. You don't get a bill for those. Well, but for—the district court granted it on the basis of— Well, that's a legal error. At each stage of the litigation, plaintiff and its counsel exhibited exceptional conduct justifying this award. Sure. Unreasonable objective to claim interpretation. When I start talking, you have to stop. I'm sorry. He can look at that in terms of making an exceptional case finding, but he can't charge them for the hours spent in a proceedings that's not before him. The PTAB is not a wing of the district court. It is a separate administrative proceeding, and the hours expended there are not included in the attorney deed statute. I understand what you're saying, Your Honor, and yet you yourself said it's the conclusion of the case that the judge is dealing with, and therefore what happened in the Eastern District of Texas, those fees can be awarded by the district court of California. Because it's part of the case. It's part of the same case. It was transferred to California. Correct. The PTAB re-exam is not part of this case at all. I mean, this is remarkable that you even asked for them. It's remarkable your friend on the other side failed to object, and it's remarkable that the district court judge awarded these fees. Is there a possibility that you all could sit down and calculate which hours were attributable to the PTAB proceedings and which not, and then reach a resolution of this issue based on that? There's an absolute, not just a possibility, but I believe a certainty that we can calculate how much of our fees, my firm's fees, were directed towards Eastern District of Texas motion to transfer. The answer, some discovery was held, motion to stay in California, the request by plaintiff to reopen the case. My colleagues could disagree with me on this, but I think that the thing. But I don't know that we could agree with that. Right. But we can do it. The question is if you could do those calculations and present them to the other side, and then we can see whether or not there is anything that needs to be adjusted. You could stipulate to an adjustment of the fee award. The other side knows that they've got an uphill battle with respect to a court exercising its discretion with respect to finding exceptionality and even with respect to Lodestar calculations. But if there is a way to get to the bottom line here, then at least we'll know what we're dealing with. Yes, Your Honor. Are you willing to go through this exercise? We're certainly willing to talk about it. What do you think, Judge Mead? Well, I think that would be constructive. I think it's something that should be done. Why don't we do this? Why don't you do this calculation? Submit to us the breakout. And in the meantime, you all have a conversation, and then submit a joint report on whether or not you're able to reach a resolution. On the dollar amount? On the dollar amount. I mean, we're not expecting him to waive his appeal, obviously. But if you can agree on something that attributes the fees to the litigation and not to the PTAP, presumably that 750 number, whatever it is, is going to go down substantially. I would agree. You can keep going. You've still got time. All right. So the district court determined this case was exceptional and awarded attorney fees taking the guidance of the CAFC in the first time before the court, where you did indicate that the use of the email was a factor that could determine exceptionality, that plaintiff's opposition to the venue could be considered, and the objective unreasonableness of plaintiff's claim language arguments, I thought the decision said in the re-exam. Pardon? I thought that the CAFC's decision the first time indicated that it was re-made. With respect to a finding of exceptionality to the extent that the arguments made in the re-exam for claim construction were the same ones that were made in the district court, then the court could consider that in its exceptionality determination, not in its numbers. No, I'm not talking about the numbers, Your Honor. I'm saying that I thought your direction to the district court the first time indicated there were four factors that the district court should reconsider, totality of the circumstances, the use of the email, and I'm abbreviating, the opposition and factors relating to the transfer for venue, and I thought it said objective unreasonableness of LADS's claim language arguments in the re-exam. Based upon proper district court standards of claim construction versus PTAB-type construction. This case was not, the claim construction was not done at the district court level. Right, but that's what we said is you can't just find it unreasonable based upon... Right, in other words, even if you think they were unreasonable at the re-exam, that doesn't make them even unreasonable. The same claim construction argument. So the point was, if he's saying the claim construction arguments are unreasonable for purposes of the litigation, and he's basing that on what happened on the re-exam, we said that's apples and oranges because they're different standards that apply. That didn't mean that we said he should go back and re-look at whether or not they were really acting in bad faith in the re-exam. What we said is that's not relevant to whether or not, so we have to rethink whether they objectively unreasonable at using the Phillips standard, using the standards that apply, the burden of proof, everything else that applies in the district court. Understood. Do you think he did that? I can't be a mind reader. Well, we can't either. That's why it has to be in the opinion. Can you point to language in the opinion that suggests he made a finding that the claim construction positions advanced during the re-exam, if they had been advanced in district court under the Phillips standard, would also have been unreasonable. Do you think he made that kind of finding? I think he did, Your Honor. Where? In his decision, he specifically said that their claim constructions as proposed in the re-exam were, I thought the language was, were frivolous. It was his determination. It's not clear that he concluded that they were frivolous as proposed under Phillips or under the BRI standard because they can be frivolous under BRI but not frivolous under Phillips. He did not go into that detail, Your Honor. He did not. That's what we told him. He said that the claim language construction sought by LADS. I don't know that he used the exact word frivolous, so I'm just using it now. I mean, you're essentially asking us to infer that he paid attention to what we said and even though he didn't provide the specific language, that's what he meant. Yes, sir. I do want to just point out in the last few minutes here that there were many reasons considered by the district court in granting attorney fees and determining this case to be exceptional, not just the venue position. I don't like the use of the email either. I think that, I mean, might have, you know, putting my old district court hat back on, I might have actually sanctioned them separately for using that. Having said that, we do have cases that say that the award of fees has to be tied to fees actually incurred because of the impropriety. So given the timing of the use of that email, what fees were incurred in relation to the use of that email? Relative to the $750,000, Your Honor, relatively insignificant or small. But those cases, and I think you may be referring to the Killopass type case, say that like our case, it's not merely the bad faith of using an attorney-client privilege document. If that were the only reason to get exceptionality in attorney fees, I would agree. Right, it's just a factor. But it's a factor. There are nine or ten reasons why the court determines exceptionality. Right, I'm not saying it's, we said in the first time around, that's a factor you can consider in determining exceptionality. I have no problem with that. I still have no problem with that. The question is which fees should be tied to that. Right, if it were only that, then Killopass dictates that it would be the incremental fees without having to deal with it, but it's not just that. It was the venue motion, it was the opposition to the motion to stay. Did he make a finding that the opposition to the venue motion was objectively unreasonable? I think, again, he did not use your words, Your Honor, but I think it's clear as can be when he says the LLC was formed two days before following the complaint. The patent was assigned to the LLC 20 days before it was even formed. They never conducted any business. In fact, this court agreed in its first opinion. LADS, the acronym, never conducted any business in Texas. They failed to even maintain their LLC status. According to the CAFC, the inventor and sole owner of LADS exclusively was residing in California. The CAFC, in its first opinion, said LADS never even picked up the keys to the office, which was the sole tie to the Eastern District of Texas. They argued and re-argued. They were in business, they were actively licensing. You're setting forth an awful lot of facts that aren't disputed, but putting those facts together and then making the legal conclusion that the opposition to the motion to transfer was frivolous is a different story. I mean, is there any language in his opinion that even remotely comes close to making that conclusion? I don't think there's language that says that the opposition was unreasonable. I think there's better language that says the mere assertion of venue, putting together of this fiction of an LLC in Texas for the purpose of defeating a change of venue, that was wrong. I think that's clear from this court's first opinion. That's not what we told him to look at. We told him to look at whether the opposition was frivolous. Wouldn't, Your Honor, with all due respect, wouldn't the opposition be frivolous if the creation was fictitious and intended to? Well, not necessarily if there were other factors that would come to bear. Okay, you're out of time. I just want to make sure we're clear on the assignment we have given you. That is, my understanding is that you have agreed that you will sort of sit down together and take another look at the fees and consider whether the re-exam expenses can be pulled out. And once you get to a number without those fees, whether you might explore a settlement. If you do that and... If you settle the whole thing, great. You can advise the court within, I don't know, 20 days? Is that enough time? 30 days? I think 20 is enough. I think I can get the numbers. I will be the one that has to go through it. In the billing records you submitted in support of your application, does it identify hours that were spent in the re-exam? Is it discernible from the billing records or are they redacted to exclude that? I would think that we should be able to see it. I just wonder if they can see it. Well, if not, I'll show them. Some of it's going to be easy because it's going to be between the stay and the lifting of the stay. And it's the timing. But there might be a little bit before the stay. There was a motion to stay filed once that was stayed. Granted, there should be no more district court proceedings. Okay. Thank you. Thank you very much. Real quick with respect to Judge Lynn's point, I assume that with respect to our assignment here, the fees that have been incurred after that motion were submitted are not going to be added back and then they're taking the re-exam fees from that. In other words, I'm sure Mr. Langsam has spent more time on the appeal and so forth, so I would hate to see the $750,000 increase to whatever $900,000 and then remove the re-exam from that. Just so I understand. What we're talking about is that the fees in connection with the Patent Office proceeding shouldn't be included. We have the right to award fees if we think there's some basis for that. I just wanted to make sure I was doing the right thing. Judge Lynn is right that once that number is recalculated, there might be a basis to consider overall settlement because obviously this judge thought that there was something wrong in Denmark, that you all created this entity, you fought the transfer to a pretty obviously appropriate district, you fought at every step of the way, and he believed that there was impropriety that occurred. Yes, we've got a lot of criticisms of things that are not in this opinion, but if we send it back again, as you said, he's liable to say, all right, this is what I was really talking about. Maybe if we can get the numbers right, the number of hours right, that you might consider whether or not it's worth continuing to pursue this appeal. I'm not telling you you can't, but I'm saying we're not trying to act like you're wearing the white hat here. I totally understand what the court is saying. This also doesn't really signal where the court might come out on this case because there are other outcomes. Right, I understand that. I've got five seconds left basically. I just wanted to, to Judge Hughes's point, nowhere does the district court refer, my time is up, I believe, may I finish? Yes. Nowhere does the district court say that our actions are objectively unreasonable. Nowhere. What the district judge says with respect to claim construction is objectively weak. Well, weak isn't the same thing as unreasonable, as this court has pointed out in a number of decisions. You have to have something more to recover fees under 285. It has to be objectively unreasonable. The district court absolutely does not go to that point. It refers to the venue issue. It never says that was unreasonable. As, again, Judge Hughes pointed out, your guidance was where in the venue, in our opposition to it, is there something unreasonable? The judge never says that at all. Claim construction, he never says that at all. And with respect to the attorney email issue, he's treating it as a strict liability offense. And you can agree or disagree, was it inadvertently waived? Did they claw it back? Did they set up the procedures? So forth. But the district court never examined any of that. So thank you for your time. Let me ask you one last question. Why didn't you raise the question of where are these fees? I mean, you had the fee application. You saw the numbers. Why didn't you say, is any of this relating to the re-exam? You saw the dates on that. I mean, why didn't you object? I mean, we could find this whole thing waived. Well, I think that we've objected kind of to the totality and so forth. Did we specifically point out you cannot object? I mean, you cannot recover attorney's fees from the re-exam. I don't believe our briefing said that. Okay. Thank you.